332 So.2d 433 (1976)
Bruce MEADOR and Gretchen Meador
v.
TOYOTA OF JEFFERSON, INC., et al.
No. 57218.
Supreme Court of Louisiana.
May 17, 1976.
Marvin C. Grodsky, New Orleans, for plaintiffs-applicants.
Fernand F. Willoz, III, New Orleans, for defendants-respondents.
CALOGERO, Justice.
May an automobile owner recover damages for aggravation, distress, and inconvenience from a repairman who has unnecessarily *434 and excessively delayed completion of the vehicle's repair? This is the principal question presented in this case. It is to be answered by the construction to be given that portion of Civil Code article 1934(3) which allows the recovery of nonpecuniary loss "[w]here the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification . . . ."[1]
Following a collision, an eighteen-year-old girl brought her first acquired automobile, a 1971 model Toyota, to defendant, Toyota of Jefferson, Inc., for repair late in February of 1972. It was returned to her on September 20, 1972, some seven months later. In her suit for damages (she was joined in the suit by her father), the trial court awarded her $1554.77, which included $602.77 as reimbursement for seven of her monthly car notes, $252 for seven monthly insurance payments, and $700 for aggravation, distress, and inconvenience. The Court of Appeal agreed that defendant had breached its contract, but concluded that the undue delay consisted of only five of the seven months' repair period. Accordingly, it reduced the $602.77 and the $252 portions of the award by two-sevenths, allowing, respectively, $430.55 and $180, for a total of $610.55. The Court of Appeal disallowed the $700 awarded by the trial court for aggravation, distress, and inconvenience, and in these particulars amended the judgment in favor of plaintiffs. Meador v. Toyota of Jefferson, Inc., 322 So.2d 802 (La.App.4th Cir. 1975).
We granted writs upon plaintiff's complaint that the Court of Appeal erred in disallowing the $700 portion of the award for aggravation, distress and inconvenience. Meador v. Toyota of Jefferson, Inc., 323 So.2d 804 (La.1976). Defendant did not seek writs.[2] Accordingly, and because of the result we reach hereinafter on the only remaining issue in the litigation, the part of the Court of Appeal judgment awarding plaintiff $610.55 is not before us. C.C.P. art. 2167; Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377 (1962); Blades v. Southern Farm Bureau Casualty Ins. Co., 237 La. 1, 110 So.2d 116 (1959); May Finance Co. v. Nagy, 223 La. 816, 66 So.2d 860 (1953).
We have reviewed the transcript and agree with the factual findings of the Court of Appeal. Defendant did indeed breach the implied obligation to repair within a reasonable time; the undue delay amounted to five months; $610.55 is a fair assessment of plaintiff's recoverable pecuniary loss. (As noted earlier, this element is no longer before us). Furthermore, if recoverable, $700 would be a reasonable and proper award for plaintiff's nonpecuniary damages, i.e., her aggravation, distress, and inconvenience. Accordingly, we direct our attention to the principal question posed at the outset of this opinion.
Generally, recovery for damages upon the breach of a contract is limited to the loss a person has sustained or the profit of *435 which he has been deprived.[3] However, in certain limited circumstances a person may, upon the breach of a contract, recover damages for nonpecuniary loss. It is this sort of damage which plaintiff herein seeks to recover. Plaintiff argues that she is due recovery for aggravation, distress, and inconvenience which resulted from her inability to use her automobile for the period during which defendant unreasonably delayed its repair. She argues that this damage is recoverable under Civil Code Article 1934(3) which, as we indicated earlier, allows recovery for nonpecuniary loss "[w]here the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification . . . ." She argues specifically that the disjunctive "or" in the article means that nonpecuniary damages are allowed where the contract has for its object the gratification either of "some intellectual enjoyment" or of "some convenience." Thus she contends that to gain recovery under the article, one need not show that the contract contained any intellectual element whatsoever; one may recover even when the object of the contract is purely physical gratification. This liberal position is supported by language, at least, in the First Circuit Court of Appeal opinion in Jack v. Henry, 128 So.2d 62 (La.App.1st Cir. 1961).[4] An alternative, broader position which also supports plaintiff's recovery is that it suffices, to permit nonpecuniary damages, that the object or objects of the contract include elements of both intellectual and physical gratification. See Holland v. St. Paul Mercury Ins. Co., 135 So.2d 145 (La.App.1st Cir. 1961), Meyer v. Succession of McClellan, 30 So.2d 788 (La.App.Orl.1947), Melson v. Woodruff, 23 So.2d 364 (La.App.1st Cir. 1945).
On the other hand, defendant contends that in order for plaintiff to recover nonpecuniary damages, the object of the contract must be exclusively intellectual enjoyment, as opposed to partially intellectual partially physical, and as opposed to exclusively physical enjoyment. This strict interpretation is given support in the jurisprudence by such cases as Rigaud v. Orkin Exterminating Co., 236 So.2d 916 (La.App. 3d Cir. 1970), Baker v. Stamps, 82 So.2d 858 (La.App.Orl.1955), Lillis v. Anderson, 21 So.2d 389 (La.App.Orl.1945), and Sahuc v. United States Fidelity & Guar. Co., 320 F.2d 18 (5th Cir. 1963).
This Court has never adopted a strict view but has reached results favoring the broader interpretation of Art. 1934(3).[5] In Lewis v. Holmes, 109 La. 1030, 34 So. 66 (1903) a bride had contracted with the defendant store for the manufacture, or sewing, of five dresses, one for her wedding and the others for her trousseau. She was allowed recovery for deprivation of intellectual enjoyment and for mental suffering in connection with defendant's non-delivery of the four dresses for her trousseau. The contract's object was not purely intellectual, but rather entailed features both physical (her need for comfortable clothing), and intellectual (her preference *436 for style, or "taste," and concern with her appearance on her wedding day and on her honeymoon).
Two other cases where the Court allowed recovery and where there existed elments of both intellectual and physical gratification were O'Meallie v. Moreau, 116 La. 1020, 41 So. 243 (1906) and Jiles v. Venus Community Center Benevolent Mutual Aid Assn., 191 La. 803, 186 So. 342 (1939). In O'Meallie, the Court awarded damages for annoyance and vexation to a social club for breach of a contract to lease a picnic area, and in Jiles the Court awarded plaintiff damages for mental anguish from watching her child die without proper medical attention because of defendant Association's breach of a contract to supply doctors' services and medicine.
In none of the foregoing cases, however, has the Court historically viewed the source of Article 1934(3) and the origin thereof.
The third paragraph of Article 1934 had no counterpart in the Code Napoleon or the Louisiana Civil Code of 1808. The paragraph first appeared in the Louisiana Civil Code of 1825.[6] That Code was drafted in French, translated into English. Both French and English versions are official texts of the Code.[7] To interpret the Article, then, where as here the articles of the 1870 Code is not entirely clear,[8] we deem it helpful to examine the French and English versions of the article in the Code of 1825.
In the French version of the 1825 Louisiana Civil Code, the pertinent clause of Art. 1928 read:
"Lorsque le contract a pour but de procurer a quelqu'un une jouissance purement intellectuelle, telle que celles qui tiennent a la religion, a la morale, augout, a la commodite ou a toute autre espece de satisfaction de ce genre, . . . ."
Translated into English this passage reads:
"When the contract has for its object to confer to someone a purely intellectual enjoyment, such as those pertaining to religion, morality, taste, convenience or other gratifications of this sort,. . . ."[9]
*437 The foregoing French article was mistranslated to read in the English version of Article 1928 of the Louisiana Civil Code of 1825, as follows:
"Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience or other legal gratification, . . . ."
The English passage was copied verbatim into the Code of 1870.[10] Thus we conclude that the clause should, as it may, logically, be read as follows: Where the contract has for its object the gratification of intellectual enjoyment, such as that pertaining to religion, or morality, or taste, or convenience, . . . .
It is evident that the proper interpretation of Article 1934(3), is not, as plaintiff contends, that nonpecuniary damages are allowable where the object is exclusively physical gratification. On the contrary, "convenience" in the source provision was not a contract object triggering the availability of nonpecuniary damages, but was, rather, along with religion, morality, and taste, one example of "purely intellectual enjoyment," the intellectual enjoyment being necessary as a contract's object before nonpecuniary damages became available.
We find the French source provision of 1934(3) in the 1825 Louisiana Civil Code, if not controlling, at least persuasive in our present interpretation of the article's ambiguous counterpart in our 1870 Civil Code. While the foregoing interpretation does not allow nonpecuniary damages where the sole object is physical gratification, a proper interpretation of the entirety of Article 1934(3) does not in our view bar such damages in all instances where there exists as an object physical gratification. We believe that a contract can have "for its object" intellectual enjoyment, assuming that intellectual enjoyment is a principal object of the contract, notwithstanding that a peripheral, or incidental, or even perhaps concurrent object of the contract may be physical gratification.
Thus, we would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.
On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment.
The foregoing principles are not at variance with the results obtained in the cases of Lewis v. Holmes, supra, O'Meallie v. Moreau, supra, and Jiles v. Venus Community Center Benevolent Mutual Aid Assn., supra.
Applying these principles to the case at hand, we conclude that plaintiff is not entitled to recover damages for aggravation, distress, and inconvenience caused by the five month loss of use of her automobile, because the procuring of intellectual enjoyment, while perhaps an incidental or inferred contemplation of the contracting parties, was not a principal object of the contract to have the car repaired. The principal object of the contract, the overriding concern of plaintiff, evident to defendant at the time the contract was entered into, was the repair of plaintiff's automobile with its consequent utility or physical gratification.
As noted, we clearly do not hold that the object of a contract must be exclusively intellectual *438 enjoyment in order to trigger article 1934(3)'s nonpecuniary damages. We do hold, however, that such intellectual enjoyment must be a principal object of the contract, and that nonpecuniary damages, when allowed, are limited to those which compensate for, or are directly related to, nonfulfillment of the intellectual object.
We also deem it worth noting, however fundamental, that unlike the rule which we are required by the Civil Code to apply in this action for breach of contract, damages for mental anguish, aggravation, distress and inconvenience, are recoverable in an action sounding in tort. La.Civil Code art. 2315; 2 M. Planiol, Traite elementaire de droit civil, no. 252 at 152 (11th ed., La.State L.Inst.tranl.1959); 48 Tul.L.Rev., supra at 1171.
Perhaps it would be better if damages for mental anguish in breach of contract cases were allowable just as in tort actions. However, such a matter directs itself to the law maker. Our responsibility is to interpret and apply the law, not to enact it.
For the foregoing reasons, the judgment of the Court of Appeal is affirmed. All costs of this appeal are chargeable to the plaintiff.
MARCUS, J., assigns additional concurring reasons.
DIXON, J., dissents with reasons.
MARCUS, Justice (assigning additional concurring reasons).
While I join in the majority opinion, in my view, damages are not awardable for annoyance and emotional distress in breach of contract cases unless the gratification of purely intellectual enjoyment is the principal object of the contract. Where only an incidental or concurrent object of the contract is the gratification of purely intellectual enjoyment, damages for annoyance and emotional distress are not recoverable.
DIXON, Justice (dissenting).
I respectfully dissent. We should not deny recovery for damages which are suffered, for which justice requires compensation, for the rather superficial reason that plaintiff's action is in contract, not tort. Nevertheless, even considering this a contract action, these damages are recoverable under the plain terms of C.C. 1934(1).
When plaintiff brought her vehicle to defendant for repairs, she had the right to expect that the repairs be completed within a reasonable time. They were not. As a result, not only did she suffer pecuniary loss, but also the aggravation of not having her car, the distress of not knowing when she would get it back, and finally the inconvenience of having to find other methods of getting around. In a society as dependent on the automobile as ours, where a car is not only a convenience but often a necessity, a plaintiff should be able to recover damages representing the aggravation, distress and inconvenience suffered when the repairman breaches his duty to fix the car within a reasonable time. Such damages are reasonably within the contemplation of the parties at the time the contract was entered into, and are therefore compensable. C.C. 1934(1).
This court has consistently awarded damages for mental anguish and inconvenience in tort suits where property damage is sustained. In Dodd v. Glen Rose Gasoline Co., 194 La. 1, 193 So. 349 (1939), in which defendant's plant operated in a manner that prevented plaintiff from getting a good night's sleep, this court awarded damages for inconvenience and discomfort. In McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (1944), this court awarded damages for mental anguish, worry and inconvenience caused by the depositing of soot, smoke and cinders into plaintiffs' houses by defendant's roundhouse operation. In Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955), we awarded damages for inconvenience and mental anguish suffered by plaintiff as a result of defendant's blasting operations.
*439 There is no logical reason to allow recovery of such damages when property is involved in cases delineated as "tort," and yet deny recovery of similar damages when property is involved (as in this case), simply because the cause of action is delineated as "contract." Both involve a duty and a breach. Louisiana employs fact pleading. A plaintiff need only state facts, which, if true, authorize recovery. Cox v. W. M. Heroman & Co., 298 So.2d 848 (La.1974). In the instant case, plaintiff has proved, to the satisfaction of the trier of fact, that she suffered inconvenience, distress and aggravation because of defendant's breach of duty. She should recover therefor. As Planiol states:
". . . The big objection is that mental suffering can not be compensated with money. But that is done every day in the case of torts; why act differently in contract cases? There is no reason for not doing so, and as M. Boistel has well said, just because one can not do so better, is no reason for doing nothing at all."[1]
NOTES
[1] L.C.C. art. 1934(3) provides:

"Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule."
* * * * *
[2] Originally sued by plaintiffs were Toyota of Jefferson, Inc., Toyota Motor Sales, U.S.A. Inc., Gulf States Toyota, Inc., and State Farm Mutual Automobile Ins. Co. Only respondent Toyota of Jefferson, Inc., was cast in damages by the trial court; the other defendants were dismissed.
[3] L.C.C. art. 1934 provides:

"Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications."
[4] In the Jack case, the court stated:

"[W]e believe that a contract for the construction of a home . . . has as its object the convenience of the owner within the meaning and intendment of the phrase `or some convenience' as used in Paragraph 3, Article 1934, LSA-R.C.C. entitling the owner of a residence to damages for inconvenience resulting from a contractor's breach of the obligation . . . ." 128 So.2d at 72.
[5] For an excellent comment on this subject, including the "liberal," "broad," and "strict" interpretation in the jurisprudence see "Damages ex contractu: Recovery of Nonpecuniary Damages For Breach of Contract Under Louisiana Civil Code Article 1934," by Henri Wolbrette, III, 48 Tul.L.Rev. 1160 (1974).
[6] It has been suggested that the source of this paragraph was Toullier, 6 Droit Civil, Liv. III, Tit. III, Chap. III, Sec. IV, § III, n. 293 (305 seq.) and Domat, I Loix Civiles, Part. I, Liv. III, Tit. V, Sec. II, ns. XI, XII (270). Batiza, The Actual Sources of the Louisiana Project of 1823: A General Analytical Survey, 47 Tul.L.Rev. 1, 80 (1972). Neither of these sources, however, contained the precise idea contained in 1934(3), although Domat does include a passage suggestive of the principle incorporated in 1934(3). See 48 Tul.L.Rev., supra at 1173.
[7] I A General Digest of the Acts of the Legislature of Louisiana passed from the year 1804, to 1827, Inclusive 223 (1928); see generally Dainow, The Louisiana Civil Law, in Civil Code of Louisiana (Dainow ed., 1961).
[8] 48 Tul.L.Rev., supra at 1174.
[9] While the disjunctive "or" prefacing "some convenience" or other legal gratification might arguably suggest that nonpecuniary damages are allowed "where the contract has for its object the gratification" of "some convenience," the ambiguity in the language of the paragraph becomes apparent when article 1934 is read in its entirety and in conjunction with article 1926. Article 1926 provides that in breach of contract cases damages may be given "according to the rules established in the following section." Article 1934 appears in the following section of the Code. It provides at the outset that with an exception not here relevant damages due for breach of contract are the amounts of loss and deprived profits, except for exceptions and modifications related thereafter in three numbered paragraphs. The third numbered paragraph recites the general rule, and then there appears the exception which employs the language here at issue. See Footnote 1, second sentence of the quoted article 1934(3). If that sentence were intended to allow nonpecuniary damages where a contract has for its object "some" (virtually every contract of which we can conceive) convenience there would be no sense to the outset language of article 1934 limiting damage to losses sustained and profits of which deprived as a general proposition.
[10] Only the comma after "morality" was deleted in the version of the passage in the 1870 Code.
[1] 2 M. Planiol, Traite Elementaire de Dorit Civil No. 252 (11th ed. La.State L.Inst.Trans.(1959).