395 So.2d 927 (1981)
William G. MORRIS et ux., Plaintiffs-Appellants,
v.
DELUXE CHECK PRINTERS, INC., Defendant-Appellee.
No. 14460.
Court of Appeal of Louisiana, Second Circuit.
February 16, 1981.
*928 Weinstein & Moak by Nelson A. Moak, Shreveport, for plaintiffs-appellants.
Russell O. Brabham, Shreveport, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Plaintiffs appeal a judgment of the district court which sustained defendant's motion for partial summary judgment and disallowed certain items of damages prayed for by plaintiffs in a redhibition suit. The issue for our determination is whether a printer of personal checks may be held liable to the purchaser for nonpecuniary damages incurred as a result of the printer's breach of warranty against redhibition. We amend and affirm for the reasons assigned.
The allegations in plaintiffs' petition may be summarized briefly as follows: Mr. and Mrs. William G. Morris, plaintiffs herein, have maintained a personal checking account for many years with the Jonesboro State Bank in Jonesboro, Louisiana. In connection with this account, the plaintiffs used checks printed by the defendant, DeLuxe Check Printers, Inc. When the plaintiffs' available supply of checks began to run low they ordered a new supply by using a reorder form supplied by defendant. After receiving the new supply of checks, plaintiffs began receiving telephone calls from various merchants complaining of checks being returned unpaid. Subsequent inquiry disclosed that the routing symbol was incorrectly printed on the checks which prevented them from being presented to the drawee bank for payment and resulted in the return of the checks to the payee as unpaid items. Plaintiffs were required on numerous occasions to pick up the returned checks and pay cash. Upon discovery of the error in printing, plaintiffs notified defendant and requested that they be compensated for the damages allegedly incurred because of this defect. Defendant declined this request but offered to write letters of explanation to various banks and creditors. This suit followed.
Plaintiffs allege that the incorrect printing of the routing symbols constituted a latent defect rendering the checks useless for their intended purpose. Plaintiffs further allege that defendant, as manufacturer of the checks, breached the implied warranty against redhibitory defects in bad faith since it was deemed to know of the vices in the checks it printed. Because of such bad faith violation of the warranty against redhibition, plaintiffs contend they are entitled to restitution of the price of the checks, expenses occasioned by the breach including attorney fees, and damages. (The codal articles dictating the rules relative to redhibition are found in Section 3 of Chapter 6 of Book III of the Louisiana Civil Code, Arts. 2520 et seq.)
Plaintiffs' itemized list of damages totaling $24,992.00 included amounts for inconvenience, aggravation, mental distress, damage to credit rating, and embarrassment.
Defendant answered by denying any breach of warranty and specifically alleging that any defects were apparent to plaintiffs upon inspection, and thus did not constitute a redhibitory vice. Subsequent to the initiation of discovery proceedings, defendant filed a motion for partial summary judgment seeking to have disallowed plaintiffs' *929 prayer for attorney fees and the specific items of damages delineated in the preceding paragraph. Defendant contends that it was not in bad faith (a prerequisite to damages in a redhibition suit), and that plaintiffs, as a matter of law, were not entitled to "nonpecuniary" damages in a suit in redhibition or contract.
The district court rejected defendant's motion only as it pertained to attorney fees (these being specifically provided by La.C.C. Art. 2545) and otherwise sustained the motion dismissing plaintiffs' requested relief for inconvenience, aggravation, mental distress, damage to credit rating, and embarrassment. It is from this partial summary judgment that plaintiffs appeal.[1]
Plaintiffs contend the trial court erred in granting the partial summary judgment and that the nonpecuniary damages which were disallowed are properly recoverable under the circumstances of this case. Plaintiffs contend that the object of their contract with defendant was "the gratification of some intellectual enjoyment... or other legal gratification" as these words are used in La.C.C. Art. 1934(3). According to this article and the jurisprudence interpreting it, breach of a contract with such an object obliges the breaching party to compensate the other party for his nonpecuniary losses incurred as a result of the breach. This is an exception to the general rule which states that the measure of damages for breach of a contract where the object of the contract is anything but the payment of money is the amount of the loss the creditor has sustained and the profit from which he has been deprived. La.C.C. Art. 1934.
Defendant on the contrary disputes that any gratification of intellectual enjoyment was involved here. Defendant contends that the purpose of utilizing checks is simply to avoid the necessity of carrying around large sums of money. Therefore, defendant contends that the principal object of the contract between plaintiffs and defendant was physical gratification. The breach of a contract with such an object does not require the breaching obligor to respond in nonpecuniary damages.
The basic rule concerning the measure of damages for breach of contract is found in the Civil Code wherein Art. 1934 provides in pertinent part:
Where the object of the contract is anything but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
(1) When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. By bad faith in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will.
(2) When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this.
(3) Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although *930 these are not appreciated in money by the parties, yet damages are due for their breach; a contract for religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

* * * * * *
This article has been interpreted by the Supreme Court as follows:
... Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.
On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment.

Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976).
Plaintiffs acknowledge that the desire to avail themselves of the physical convenience and utility of the checks was an object of their contract with defendant. However, they contend that the principal object of the contract was intellectual in nature. Plaintiffs had utilized checks ordered through the Jonesboro State Bank for over 25 years. Plaintiffs contend that aside from an interest in utilizing the checks printed by defendant for the transaction of daily business, their primary interest was the continuance of their relationship nurtured over a 25-year period with Jonesboro State Bank. Plaintiffs contend that the reason they did not transfer their business to another bank when their checks began coming back unpaid was because of their desire to maintain this long established relationship. Plaintiffs contend that the interest in maintaining this relationship and the credit standing attendant to it was intellectual in nature and formed a principal object of the contract within the meaning of La.C.C. Art. 1934(3) and the Meador case.
We cannot agree with these contentions. Although the maintenance of a 25-year banking relationship is undoubtedly a desirable objective, we can simply perceive no relationship between check printing or usage and intellectual gratification as contemplated by Art. 1934(3). Although not an exclusive listing, Art. 1934(3) lists as examples of such gratification a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts. Such contracts are markedly different in nature from the purchase of printed checks.
Plaintiffs make an alternative argument by focusing on the words "where the contract has for its object the gratification of some intellectual enjoyment ... or some convenience or other legal gratification" in Art. 1934(3). Plaintiffs contend this phrase provides an additional basis for recovery of nonpecuniary damages even if the object of the contract is not some intellectual gratification or convenience as defined in Meador. Since a primary use of the checks purchased from defendant was to satisfy legal and financial obligations, plaintiffs contend that the object of their contract with defendant was a "legal gratification" entitling them to recover nonpecuniary damages pursuant to Art. 1934(3).
This argument is without merit. The Supreme Court in Meador surveyed the source provisions of the present Art. 1934(3) in an attempt to interpret the phrase which contains the disjunctive or immediately before "some convenience or other legal gratification." The court concluded that due to a mistranslation of the original French source provision in the Louisiana Civil Code of 1825, a correct interpretation of Art. 1934(3) results in the conclusion that intellectual enjoyment is a necessary contractual object before nonpecuniary damages are available.
Having concluded that the contract between the parties in this case did not have as a principal object intellectual enjoyment, *931 we hold that plaintiffs are not entitled to seek recovery of nonpecuniary damages under Art. 1934(3). For this reason the portion of the district court judgment disallowing plaintiffs' request for damages in compensation for inconvenience, aggravation, mental distress, and embarrassment is affirmed.
Plaintiffs allege that one of the results of their checks being repeatedly returned unpaid was the placing of their name on "bad check lists" which damaged their spotless credit reputation accumulated over a 25-year period.
Assuming that defendant was in good faith (in the sense that no fraudulent intent is alleged) plaintiffs would be entitled to recover damages which were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. La.C.C. Art. 1934(1). Under the facts of the present case, it should have been reasonably foreseen that plaintiffs would not have detected an error in the routing symbols or number printed on the check (as opposed to the account number) and that checks issued by plaintiff would be returned to the payee as unpaid items for this reason alone. It would also be reasonably foreseeable that such a circumstance would cause damage to the credit rating of the customer. Such an injury if proven is not purely conjectural and is susceptible of measurement. Additionally, the ease of association of the alleged defect in the checks with the resulting injury to plaintiffs' credit rating leads us to the conclusion that under the circumstances present in this case, plaintiffs are entitled to seek recovery for damage to their credit rating.
For the foregoing reasons the judgment appealed insofar as it dismissed plaintiffs' demands for damages for inconvenience, aggravation, mental distress, and embarrassment is affirmed; the judgment insofar as it dismissed plaintiffs' claims for damages to their credit rating is reversed; and the case is remanded for further proceedings not inconsistent with the views expressed herein and in accordance with law.
Assessment of costs are to await the final determination of this cause.
NOTES
[1] A partial summary judgment granting all or part of the relief for which the movant has prayed is a final appealable judgment. La.C. C.P. Arts. 966, 968, 2083. See National Safe Corporation v. Benedict & Myrick, Inc., 367 So.2d 871 (La.App. 1st Cir. 1978).