ELLIS, Judge:
This is a suit by Reverend and Mrs. J.F. Hartner against Executive Industries, Inc. and Coleman Oldsmobile, Inc., doing business as Coleman RV Center, seeking rescission of the sale of a 1976 Diplomat II motor home, the return of the purchase price thereof, and damages. The case was tried on its merits before a jury, which returned a verdict awarding plaintiffs a reduction in the purchase price of $14,000.00 and $3,500.00 in attorney’s fees. From the judgment, both plaintiffs and defendants have appealed.
Plaintiffs purchased the vehicle in question from Coleman on May 4, 1976, for a cash price of $24,021.80 and incurred $345.89 in license fees and taxes. Shortly after the purchase, it was discovered that the motor home leaked badly, and it was returned to Coleman for repairs. Coleman made a number of attempts to repair the leaks, but was unable to do so. In addition, holes began to appear in the aluminum siding. Eventually, Coleman referred plaintiffs to Executive Industries, Inc., the manufacturer of the motor home.
Because Coleman did not have the personnel trained to perform major body repair, Executive referred plaintiffs to Frank Gillman Motor Homes in Houston, Texas. Gillman attempted to repair the leaks on two separate occasions. Gillman kept the vehicle for a total of five months, between April and December, 1978, but was unable to repair the leaks. The work by Gillman was done at Executive’s expense.
In September, 1979, the motor home was taken to Colerain Dodge in Cincinnati, Ohio, where a new top was put on the vehicle and other major repairs carried out, once again at Executive’s expense. However, despite this work, and one subsequent attempt at repairs, the motor home continued to leak, and this suit was brought in September, 1980, for rescission of the sale.
In this court, defendants assign three errors: first, that the jury erred in finding defects sufficient to justify a reduction in the purchase price, since any defect which existed at the time of the sale had been removed or corrected prior to the filing of the suit; second, that the reduction in the purchase price is excessive; and third, that the award of attorney’s fees is excessive.
Plaintiffs argue that the sale should have been rescinded; that damages should have *276 been awarded; and that the attorney’s fees should be increased.
It is clear from the record that the motor home purchased by plaintiffs leaked excessively from the time of its purchase until plaintiffs filed this suit four years later. During that time, numerous attempts at repair were made, none of which were successful. Defendants argue that, since the original outer shell of the motor home was entirely replaced, the original defects complained of could no longer exist, and the redhibitory action is inappropriate. There is no merit to this contention. The motor home leaked when plaintiffs bought it, and, despite many attempts at repair made by defendants’ agents, it still leaked when this suit was tried. The defect has not been corrected.
Defendants’ other contention is that the leaks are due to an awning installed by plaintiffs. The evidence reflects leaks in the motor home in many areas other than in the vicinity of the awning. There is no positive evidence that any leaks resulted from the installation of the awning. The awning was removed and replaced on more than one occasion by defendants’ representatives, so that any defect in the original installation by plaintiffs would no longer be of any moment.
We find that plaintiffs have shown the existence of a redhibitory defect in the motor home.
Plaintiffs contend that the evidence in the case is sufficient to support rescission of the sale, rather than a reduction in the purchase price. Article 2520 of the Civil Code provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
During the time that they owned the camper, plaintiffs were able to use it only nine times for pleasure trips. Of the approximately 12,000 miles on the odometer at the time of the suit, about 5,000 had been covered in taking the vehicle to Texas and Ohio' for repairs. Plaintiffs did not use the motor home for a pleasure trip during the last two years they owned the vehicle. Mr. Hartner testified that he would not have bought the vehicle had he known of the problems he was to have. Plaintiffs were more than reasonable in affording defendants opportunities to repair the vehicle, often at considerable inconvenience and expense to themselves.
Under the above circumstances, we find that the jury was clearly wrong in awarding a diminution in the purchase price. We find that the facts of this case clearly entitle plaintiffs to a rescission of the sale and the return of the purchase price.
The sale price of the motor home was $24,021.80 with other charges amounting to $345.89. Plaintiffs further proved expenses totalling $226.46, which they are likewise entitled to recover, for a total of $24,594.15.
Plaintiffs are further seeking damages and attorneys’ fees. Article 2545 of the Civil Code provides:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
Since defendant Executive is the manufacturer of the motor home, it is presumed to be aware of the defects therein, and occupies the position of a seller who is aware of the defects and fails to disclose them, and is liable for damages and attorneys’ fees under the foregoing article. The damages sought by plaintiffs are for loss of use of the motor home and mental anguish caused by the defects in the vehicle. However, such damages are not recoverable unless the principal or exclusive object of the contract is intellectual gratification. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). In the matter before us, this is clearly not the case. Intellectual gratification can only be an incidental cause for the contract.
*277 Finally, plaintiffs seek an increase in the attorney’s fees of $3,500.00 awarded in the court below. Since plaintiff is an appellant who has successfully advanced his position before this court, we find that an increase of $1,000.00 will be warranted.
Accordingly, the judgment appealed from is amended, and the sale of the 1976 Diplomat II motor home, serial number 5762173, dated May 4, 1976, from Coleman Oldsmobile, Inc. to Reverend and Mrs. J.F. Hartner is rescinded; plaintiffs are to return the said vehicle to defendants, and defendants, in solido, are condemned to pay to plaintiffs the sum of $24,594.15, with legal interest from date of judicial demand until paid, plus $4,500.00 as attorney’s fees, and, as amended, the judgment is affirmed, at defendants’ cost.
AMENDED AND AFFIRMED.