WARD, Judge.
Isabelle Canale sued Gus Mayer Company, Ltd., a New Orleans department store, for breach of a contract of deposit. She alleged that Gus Mayer failed to return five articles of clothing which she had deposited for safekeeping with the store’s fur storage department. Without giving reasons for his decision, the Trial Judge ruled in favor of Gus Mayer. Mrs. Canale ap *171 peals. We reverse the Trial Court and render judgment in favor of Mrs. Canale.
The following facts in the case are undisputed. Mrs. Canale took her furs to Gus Mayer’s store in the spring of 1978. In keeping with Gus Mayer’s usual practice, Mrs. Canale was issued temporary receipt tickets for the articles. Gus Mayer later mailed permanent receipts to Mrs. Canale. Those five permanent receipts issued to “Mrs. I. Canale” and captioned “Customer’s Receipt and Storage Contract” are in the record and list the following articles of clothing with values assigned by Mrs. Ca-nale at the time she placed the articles in storage:
Azurene Glacial Mink/Grey Leather Stroller $700.00
A.H. Jacket 400.00
Leopard Jacket 200.00
Sheared Beaver/A.H. Mink Collar Short Jacket 500.00
Glacial Mink Hat 150.00
The following statement is printed on each receipt:
INSURED FUR STORAGE
FULLY INSURED FUR STORAGE FULLY PROTECTED UP TO STATED RECEIPT (Not UP TO STATED VALUE Negotiable) VALUE
OUR LIABILITY IS LIMITED TO STATED VALUE, AS SHOWN ABOVE, IN ALL CASES OF LOSS OR DAMAGE FROM ANY CAUSE WHATSOEVER, INCLUDING OUR OWN NEGLIGENCE AND THAT OF EMPLOYEES AND OTHERS. SUBJECT, ALSO, TO ALL OF THE CONDITIONS APPEARING ON THE REVERSE SIDE HEREOF, THE ARTICLES LISTED HEREON HAVE BEEN RECEIVED FROM THE ABOVE NAMED.
This Receipt must be returned to us when the articles are taken out of storage. In case the Receipt is lost, it is necessary that we be notified at once.
The conditions on the reverse of the receipts state that the value declared by the depositor is agreed to be the value of the deposited article. None of the other conditions are asserted by either party. Mrs. Canale had the receipts in her possession at all times and gave no one authority to claim the furs from Gus Mayer.
In December of 1979 when Mrs. Canale attempted to claim the furs, the Gus Mayer personnel could not find them. Mrs. Ca-nale was ultimately told, and an employee of Gus Mayer’s fur department testified, that Mrs. Canale’s husband had telephoned the store and asked that the furs be sent to a suburban store where someone would pick them up. An unidentified woman attempted to claim the furs at the downtown store shortly after Mrs. Canale’s husband’s telephone call, but Gus Mayer had no record of when or to whom the furs were released from the suburban store. The Gus Mayer representative testified that the store had found it “very difficult” to require the receipts from customers before releasing furs from storage. If the person claiming a garment did not have the receipt however, it was store policy to require some personal identification along with a description of the garment being claimed.
Much evidence was presented by Gus Mayer regarding Mrs. Canale’s marital situation and related problems during the period when the furs were stored at Gus Mayer. These circumstances included mysterious disappearances of virtually all of Mrs. Canale’s property from her home, grand jury and FBI investigations of her husband’s activities, and Mrs. Canale’s frequent changes of residence during the period. Despite the inferences which Gus Mayer would have us draw from Mrs. Canale’s unfortunate domestic situation, we find manifest error in the Trial Court judgment absolving Gus Mayer of liability.
Our jurisprudence has established that a depositary has a contractual obligation to its depositors and must act as a prudent administrator. Brown & Blackwood v. Ricou-Brewster Building Co., 239 La. 1037, 121 So.2d 70 (1960). The duty of a compensated depositary is to be rigorously enforced. La.C.C. art. 2938. When a depositor proves the existence of a deposit contract and that the deposited articles were not returned, a presumption arises that the depositary has breached the contract. Federal Insurance Co. v. C & W Transfer and Storage Co., 282 So.2d 563 (La.App. 4th Cir.1973); Comment, Bailment and Deposit in Louisiana, 35 La.L. Rev. 825 (1975).
We believe the undisputed facts of this case give rise to the presumption that Gus Mayer breached its contract with Mrs. *172 Canale, and we are not convinced by Gus Mayer’s defense that it acted prudently in releasing the furs to an agent of Mrs. Canale’s husband. Civil Code Article 2949 states:
The depositary must restore the thing deposited only to him who delivered it, or in whose name the deposit was made, or who was pointed out to receive it. (Emphasis Added)
Gus Mayer contends that because the costs of the fur storage were charged on a store account in the name of Mrs. Canale’s husband, he was the person “in whose name the deposit was made.” This contention is flatly contradicted by the receipts issued to “Mrs. I. Canale.” Moreover, the strong terms of the deposit contract evidenced by those receipts clearly assured Mrs. Canale that the furs were safe with Gus Mayer until she presented the receipts and claimed the furs. Hence, we hold Gus Mayer liable for failure to return the furs to Mrs. Canale.
In the Trial Court and on appeal, Mrs. Canale has prayed for damages for “mental anguish, grief and outrage,” com-pensable under former La.C.C. art. 1934(3). We believe that Article 1934(3), as interpreted in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), does not allow recovery of the damages sought by Mrs. Canale. Meador held that the plaintiff could not recover damages for aggravation, distress and inconvenience caused by an implied obligation to repair an automobile within a reasonable time. The Court stated that Article 1934(3) contemplated only contracts whose principal object was intellectual enjoyment, notwithstanding incidental or consequential physical gratification. Applying this rule to the instant case, we conclude that the principal object of the deposit contract was the physical safekeeping of the furs, and not intellectual enjoyment. While Mrs. Canale may recover damages for breach of the contract, damages for consequential mental distress are not allowed.
Accordingly, we reverse the judgment of the Trial Court and render judgment in favor of Isabelle Canale in the amount of $1,950.00, the total value she assigned to her fur garments, with interest from December 31, 1979.
Gus Mayer Company to pay all costs.
REVERSED AND RENDERED.