LABORDE, Judge.
The plaintiff in this case, Glen Paul Le-leux, filed suit against Morrow’s Sports Center, Inc. (Morrow’s) seeking damages for breach of a contract between the two. Leleux had left his Ranger bass boat equipped with a 1977 Evinrude outboard engine, (also containing 6 life jackets, 2 fishing rods, 1 reel, and 1 depth finder), with Morrow’s to be repaired. The boat and its contents were stolen. The boat was later recovered without the engine or other contents. Leleux waited for two years before Morrow’s finally supplied him with a replacement engine. However, that engine proved to be unreliable. It was then that Leleux filed suit against Morrow’s. After trial on the merits, the trial court awarded Leleux $1,362.00 in damages (the resale value of the outboard motor). Leleux now appeals. The sole issue on appeal is whether Leleux should also be allowed to recover damages for his mental anguish. The trial court held that he was not entitled to such damages. We agree and affirm.
MENTAL ANGUISH
LSA-C.C. art. 1998 allows for recovery of damages for non-pecuniary losses under a contract intended to gratify a non-pecuniary interest. A contract intended to gratify a non-pecuniary interest is one that has “intellectual enjoyment” as its principal or exclusive purpose. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433, 437 (La.1976). On the other hand, where the principal cause of the contract is physical enjoy *520 ment, non-pecuniary damages (such as for mental anguish) are not recoverable. Id.
In Robert v. Bayou Bernard Marine, Inc., 514 So.2d 540 (La.App. 3d Cir.), writ denied, 515 So.2d 1107, 1108 (La.1987), we recently held that the purchase of a recreational boat had as its principal object intellectual enjoyment. We affirmed the trial court’s award of damages to the plaintiff for mental anguish where there was a two-year delay by the defendant in making proper repairs to the boat. In that case the plaintiff testified that fishing was his only hobby and that he often fished 3-4 times a week. He testified that he had fantasized about owning a fishing boat and that he became so anxious and frustrated by defendant’s failure to repair the boat, that he had to consult a psychologist.
In the present matter the only testimony regarding plaintiffs alleged mental anguish was made by the plaintiff himself. He stated that: “it’s really been tough,” and when his friends went out fishing or brought their families out for boat rides, he and his family were forced to stay home because their boat could not be used. The trial court considered the testimony and found that plaintiff was not entitled to damages for mental anguish. Such a factual finding by the trial court will not be disturbed unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We do not find the trial court’s holding that plaintiff is not entitled to damages for mental anguish to be erroneous.
The trial court’s decision is affirmed at appellant’s costs.
AFFIRMED.
FORET, J., concurs.
GUIDRY, J., concurs and assigns written reasons.