Etheldred McMORRIS, et al.,

v.

GULF STATES UTILITIES COMPANY.

Civ. A. No. 86-658-B.

United States District Court,
M.D. Louisiana.

Nov. 22, 1988.

See also 655 F.Supp. 671.

---

Larry G. Starns, Denham Springs, La., for plaintiffs.

C. Michael Hart, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

## RULING ON GULF STATES UTILITIES COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

POLOZOLA, District Judge.

Etheldred McMorris owns and operates a seafood restaurant in Livingston Parish named Little Mac's. On July 14, 1986, Gulf States Utilities Company ("Gulf States") allegedly discontinued electrical service to Little Mac's, causing the restaurant's inventory to spoil. McMorris claims that he became so distraught over the incident that he suffered a cardiac arrest.

McMorris and other members of his family filed a suit against Gulf States and one of its employees for damages arising from the incident. Plaintiffs contend that the discontinuance of electricity constituted a breach of contract. Plaintiffs sought damages for loss of equipment, inventory, prof-

its, and cleaning expenses. Plaintiffs also seek damages for medical bills arising from McMorris' cardiac arrest and nonpecuniary damages for McMorris, his wife, and his three children.

Gulf States has moved for partial summary judgment as to McMorris' medical expenses, all nonpecuniary damages, and any lost profits, lost business opportunity, or lost future revenue incurred more than three days after the discontinuance of electrical service. For reasons which follow, this Court grants defendant's motion as to the medical expenses and nonpecuniary damages, and denies Gulf States' motion in all other respects.

## I. Nonpecuniary Damages

■ Louisiana Civil Code article 1998 addresses the award of nonpecuniary damages:

Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.

Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.[1]

All damages which plaintiffs claim arise from Gulf States' alleged breach of a contract to supply electricity. Plaintiffs have presented no evidence that this contract had as its principal object intellectual rather than physical gratification. Furthermore, plaintiffs have presented no evidence that defendants intended to "aggrieve the feelings" of plaintiffs by discontinuing the electrical service. Plaintiffs therefore cannot recover any nonpecuniary damages, including pain and suffering, disability, men-

---

1. La.Civ.Code Ann. art. 1998 (West 1987). *See also Meador v. Toyota, Inc.,* 332 So.2d 433, 437 (La.1976): "Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable."

tal anguish, and loss of consortium, service, society, and fellowship.

## II. Medical Expenses

McMorris contends that his cardiac arrest was caused by Gulf States' breach of the contract. Thus, he contends that his medical expenses should be recoverable. Plaintiffs have not established any evidence of bad faith on the part of plaintiffs. Therefore, article 1996 of the Louisiana Civil Code controls the award of damages: "An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made." [2] Whereas causation is a question of fact and cannot be decided in this motion for summary judgment, foreseeability is a question of law which may be decided in a motion for summary judgment.

With respect to the issue of foreseeability, the case at bar is similar to *Todd v. Aetna Casualty & Surety Co.*[3] In *Todd,* a car struck plaintiff's parked automobile. Plaintiff, hearing the collision from inside a nearby house, came out and unsuccessfully tried to move his car. Plaintiff returned to the house to get a raincoat, after which he came back to the scene of the accident. Watching as several other men tried to move his car, plaintiff experienced a heart attack. Plaintiff sued the operator of the car which had struck his automobile for damages including those due to the heart attack. The Louisiana Third Circuit Court of Appeal held that "[a]s a matter of legal policy ... defendant's duty did not include protection against such unforeseeable consequences as [the heart attack]." [4]

■ In the instant case, plaintiff's cardiac arrest was a similarly unforeseeable result of defendants' alleged misconduct. Therefore, this Court holds that McMorris' medical expenses are not recoverable under the provisions of article 1996.

2.  La.Civ.Code Ann. art. 1996 (West 1987).

3.  219 So.2d 538 (La.Ct.App. 3d Cir.), *writ ref'd,* 254 La. 13, 222 So.2d 66 (La.1969).

## III. Lost Profits

■ As to plaintiffs' claim to lost profits incurred more than three days after discontinuance of electrical service, the Court finds that there still exists substantial issues of material fact which preclude summary judgment on this issue.

Therefore:

IT IS ORDERED that except as to the issue of lost profits, the motion of Gulf States Utilities Company for partial summary judgment is GRANTED.

4.  *Todd,* 219 So.2d at 544. *See also* the Louisiana Supreme Court's discussion of foreseeability in *Pitre v. Opelousas Gen. Hosp.,* 530 So.2d 1151, 1160–62 (La.1988).