Linda Helo **ABU–KISKH**

v.

**VINTAGE PETROLEUM, INC.**

Civ. A. No. 88–2676.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Oct. 25, 1990.

Homer Ed Barousse, Jr. and Stephen A. Stefanski, Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, Crowley, La., for plaintiff.

Patrick W. Gray, Bryan D. Scofield, Liskow & Lewis, Lafayette, La., for defendant.

## RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MILDRED E. METHVIN, United States Magistrate Judge.

Before the court is a motion for partial summary judgment filed by defendant, Vintage Petroleum, Inc. (Vintage). Plaintiff opposes the motion.

### Background

In July, 1986, plaintiff and Vintage entered into a Salt Water Disposal Agreement. The purpose of the agreement was twofold: to compensate plaintiff for Vintage's previous use of her property as a disposal site, and to lease the property for such use in the future. This suit involves only the latter part of the agreement.

Under the relevant terms of the agreement, Vintage leased the property for use as a disposal site at a variable rental rate based upon the number of barrels of liquids injected into the well. A minimum monthly rental was also established in Paragraph 5 of the lease:[1]

> In no event, despite the amount of use of said well by the Lessor, shall a payment of less than two thousand dollars ($2,000) per month be paid to Lessor under the terms of this agreement.

The lease, executed on July 10, 1986, provided for a five-year term. Approximately a year later, however, Vintage ceased operations on plaintiff's property. In April, 1988, Vintage ceased paying the minimum monthly rental.

Plaintiff filed a "Petition for Breach of Contract" in state court in September, 1988. The petition claims that the contract provided for minimum monthly rental payments for five years regardless of the usage of the site, and that Vintage's premature cessation of rental payments constitutes a breach of contract. The petition also contends that Vintage failed to clean and restore the property "in accordance with Louisiana law and in compliance with environmental regulations." Plaintiff seeks payment of all rents due under the contract on an accelerated basis, damages for "physical and environmental damages", specific performance, and damages for plaintiff's physical and mental suffering resulting from Vintage's actions.

Vintage removed the action to this court based upon diversity jurisdiction. Vintage now seeks partial summary judgment on two issues, and contends (1) that under state law plaintiff is not entitled to nonpecuniary damages such as those claimed for mental and physical suffering; and (2) that plaintiff cannot simultaneously seek specific performance of the five-year contract and also require Vintage to perform further restoration of her property. Each issue will be addressed in turn.

### Nonpecuniary Damages

Vintage contends that plaintiff is not entitled to nonpecuniary damages as a matter of law.

The issue of whether nonpecuniary damages are recoverable in a suit for breach of contract is governed by La.C.C. Art. 1998, which provides in pertinent part:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the non-performance of the contract, the obligor knew, or should

1. See Exhibit 1 attached to Defendant's Motion for Partial Summary Judgment.

have known, that his failure to perform would cause that kind of loss. * * *

The Louisiana Supreme Court has held that Art. 1998 limits recovery of damages for nonpecuniary loss in actions based upon breach of contract. In such cases, damages for mental anguish or physical suffering may be obtained only where the object of a contract is a nonpecuniary or intellectual interest. "[N]onpecuniary loss may not be recovered in a simple breach of contract case unless the contract is intended to gratify a nonpecuniary interest." *LaFleur v. John Deere Co.*, 491 So.2d 624, 629 (La.1986). *See also Meador v. Toyota of Jefferson, Inc.*, 332 So.2d 433 (La.1976).

Vintage contends that the primary purpose of the agreement in dispute was to provide an income to plaintiff, a distinctly pecuniary object which precludes recovery of nonpecuniary damages under the Louisiana Civil Code. Excerpts of the plaintiff's deposition support the argument that plaintiff's primary object was to obtain compensation for the past use of her property, and income in return for its future use.[2]

Plaintiff essentially responds that this case should be considered as one sounding not only in contract, but also in tort law. Thus, Article 1998 would not be controlling as to damages, since it is limited to pure breach-of-contract suits. Plaintiff argues that certain facts suggest tortious conduct on the part of defendant, and that this suit should not be construed as one simply for breach of contract:

> What facts in this case can constitute tortious conduct? Linda Helo Abu–Kiskh, in her deposition, describes the discussions between she and company representatives, the subsequent relationship and the company's action in abandoning her property; she also describes the impact, both physical and emotion (sic), to her.[3]

The parties agree that the cases controlling this question are *Meador* and *LaFleur*.

An understanding of these cases is essential to the disposition of the issue presented.

After a trial in the *Meador* case, the plaintiffs had been awarded damages for aggravation, distress and inconvenience when a repairman took seven months to repair their automobile following an accident. The appeals court disallowed the award for these nonpecuniary losses, and upheld a reduced award for pecuniary losses. The issue before the Supreme Court was whether the Meadors were entitled to the award for their nonpecuniary losses.

The Supreme Court observed that the Meadors' claims were based upon the repairman's breach of an implied obligation to repair the car within a reasonable period of time. Whether nonpecuniary damages were awardable depended upon the meaning of Article 1934(3), the predecessor to Article 1998.[4] The language of Article 1934(3) was somewhat different from the later revision, and provided in pertinent part:

> * * * Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

The Meadors argued that the Article allowed recovery of nonpecuniary damages because the object of the repair contract was to obtain "some convenience".

To determine the intent and meaning of Article 1934(3), the court consulted the French version of the Louisiana Civil Code of 1825 which varied from the English (and, the court concluded, the wrong) trans-

---

2. See pp. 32, 39–40, 53–54 of plaintiff's deposition attached to Defendant's Motion for Partial Summary Judgment.

3. Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment. pp. 4–5.

4. In legislation passed in 1984, Article 1934(3) was amended and reenacted as Article 1998.

lation. The court concluded that the phrase, "some convenience or other gratification" modified the words "intellectual enjoyment", and that a party could recover nonpecuniary damages for breach of contract only where the principal object of the contract was "intellectual enjoyment." The court overruled one line of cases to hold the following:

> Thus, we would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.

> On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object *are* recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment.

*Meador*, 332 So.2d 433, 437. Applying that interpretation to the facts at hand, the court concluded that the Meadors were not entitled to nonpecuniary damages "because the procuring of intellectual enjoyment, while perhaps an incidental or inferred contemplation of the contracting parties, was not a principal object of the contract to have the car repaired." *Id.* at 437.

The Louisiana Supreme Court decided *LaFleur* in 1986, after Article 1934(3) was replaced by Article 1998. The plaintiffs in *LaFleur* had purchased equipment to use in planting a large soybean crop. The equipment malfunctioned, and the plaintiffs suffered major crop losses. The trial judge's award of damages for mental anguish was affirmed on appeal. The Supreme Court granted writs primarily to address the correctness of the award of nonpecuniary damages.

The court observed that despite criticism in law review articles, and an effort to overrule it through legislation, *Meador* remained good law:

> * * * In fact, no opinion of this Court after *Meador* has repudiated its holding, despite criticism by some Law Review commentators. * * *

> Furthermore, efforts to overrule *Meador* through legislation failed in 1984. With minor language change the *Meador* interpretation of La.Civ.Code art. 1998 of the Obligations revision passed in 1984. * * *

*LaFleur*, 491 So.2d 624, 628–629. The court concluded that "nonpecuniary loss may not be recovered in a simple breach of contract case unless the contract is intended to gratify a nonpecuniary interest." *Id.* at 629.

The court noted, however, that Article 1998 applies only to pure contract suits, and that the case before it arguably involved both contractual as well as delictual elements. The court observed that Louisiana products liability law presumes that a manufacturer knows of defects which render his product unreasonably dangerous. Thus, a manufacturer's sale of a defective product gives rise to delictual as well as contractual liability.

The court found, however, that the grain drill involved in *LaFleur* was not unreasonably dangerous, merely useless. The court declined to decide whether the sale of such a product involved delictual liability. Instead, the court reversed the lower courts' awards of damages for mental pain and anguish on grounds that they were not supported by the evidence. The court also stated that the worry caused the plaintiffs by the failure of the crops and their resultant financial decline "is not within the scope of the risk to which is extended Deere's duty to deliver a *useful* grain drill." *LaFleur*, 491 So.2d 624, 631.

■ Applying these cases to the facts at hand, I conclude that plaintiff is entitled to recovery of damages for mental and physical pain and suffering only if there is any basis to find delictual as well as contractual liability on the part of defendant. In other words, is this a simple breach of contract action or not?

Plaintiff's original petition is entitled "Petition for Breach of Contract". The petition states in classic terms a breach of contract action; its language is restricted to theories of recovery and damages based upon contract law. In an amended petition filed in July, 1990, plaintiff alleges another instance in which defendant breached the contract in question. Plaintiff's arguments in opposition to the motion for summary judgment, that certain events point to delictual responsibility, are vague and unsubstantiated. Although I do not doubt plaintiff's claim that she experienced mental and physical pain as a result of defendant's actions, the fact that such damages are suffered does not in itself transform a contract suit into a tort suit. The existence of delictual liability depends upon acceptable legal theories which are absent here.

Unlike *LaFleur*, plaintiff's claim does not involve a defective or useless product. The question which the Supreme Court left open in *LaFleur* was whether Article 1998 should apply to restrict damages in cases involving manufacturers who deliver useless products. Absent such facts in this case, the only question remaining is whether plaintiff has established any grounds for tort recovery in this case. I find that she has not.

A party seeking summary judgment must establish that there exists no genuine dispute as to any material fact, and that he is entitled to judgment as a matter of law. *Galindo v. Precision American Corp.*, 754 F.2d 1212 (5th Cir.1985). Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

Considering the matters presented, I find that no genuine issue of material fact exists as to the basis of plaintiff's complaint. This is purely an action for breach of contract governed as to damages by Article 1998. Under the controlling cases, plaintiff may not recover nonpecuniary damages unless the primary object of the contract is nonpecuniary in nature. The contract in question had as its primary object the recovery of past compensation and future income—purely pecuniary objects. I therefore conclude that defendant is entitled to partial summary judgment on this issue, and that plaintiff's claims for mental and physical pain and anguish must be dismissed.

### Restoration of Property

■ Plaintiff's original petition seeks, among other things, an acceleration of all rental payments allegedly due through July, 1991. In an amended petition, plaintiff also seeks damages for defendant's failure to clean up the disposal site as required by the terms of the contract.

Defendant seeks dismissal of the claim set forth in plaintiff's amended complaint, alleging that its duty to restore the property was owed only at the end of the lease term. If plaintiff's efforts to enforce the lease are successful, then defendant would have the right to use the property under the lease until July, 1991. Thus, defendant argues, plaintiff's claim for restoration is premature and should be dismissed.

Summary judgment is appropriate only as to claims of a party. *See* Federal Rule of Civil Procedure 56(a) and (b). This portion of defendant's motion for summary judgment is addressed to plaintiff's alternative requests for *relief*. I am not convinced that this is an appropriate subject for summary judgment. In any event, the intent of the parties regarding the term of the lease and restoration of the property are matters which are in dispute. Whether plaintiff is entitled to judgment ordering restoration now, in July, 1991, or not at all, are matters better left for resolution at a trial or settlement conference.

Vintage's motion for partial summary judgment with regard to plaintiff's claim of restoration of her property is therefore DENIED.