283 So.2d 804 (1973)
Jessie EVANS, Plaintiff-Appellant,
v.
John DOES and Charles Doll d/b/a Doll Brothers Realty, Defendants-Appellees.
No. 12137.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
*805 Caddo-Bossier Legal Aid Society by Robert E. Piper, Jr., Shreveport, for plaintiff-appellant.
Mayer & Smith by Chas. L. Mayer, Shreveport, for defendant-appellee, Charles Doll.
Before BOLIN, PRICE and HALL, JJ.
En Banc Rehearing Denied October 10, 1973.
BOLIN, Judge.
Plaintiff sued defendants in an action styled "Petition for Declaratory and Injunctive *806 Relief and Damages for Slumlordism." Defendant Charles Doll filed an exception of no cause or right of action on the grounds that the bases of plaintiff's suit were the provisions of the Housing Code of the City of Shreveport and the Louisiana Civil Code; that neither the Housing Code nor the Civil Code entitled plaintiff to the relief sought. From judgment sustaining the exception and dismissing plaintiff's suit, she appeals.
Since all well-pleaded facts are accepted as true in considering an exception, we deem it necessary to summarize the allegations of plaintiff's petition.
It is alleged that in April 1972 plaintiff entered into a verbal lease with defendants on a month to month basis for the rental price of $30 per month in exchange for the occupancy of a three-room "shotgun" type house owned by defendants in the City of Shreveport; that the house, at the inception of the tenancy and at the time of suit, was totally useless for the purpose for which it was let; that defendants systematically and flagrantly refused to operate the rental property in accordance with the Housing Code of Shreveport and the Louisiana Civil Code. Plaintiff further alleged that notwithstanding numerous amicable demands, defendants refused to maintain the leased premises in good repair and in safe and habitable condition; that as result of defendants' failure to maintain the premises in good repair petitioner "should be awarded punitive and compensatory damages for emotional discomfort, loss of convenience, humiliation, and indecency, all to be fixed and apportioned by the Court".
Petitioner further alleged that she was withholding payment of her rent "pursuant to the Civil Code of Louisiana, Article 2694"; that due to the fact that defendants may evict plaintiff before notice could be served, she was entitled to a temporary restraining order preventing defendants from evicting her and after due proceedings a temporary and permanent injunction should be issued. In the prayer petitioner requests there be judgment in her favor and against defendants "decreeing that it was their legal and contractual obligation to deliver and maintain the premises... in good repair." Additionally the prayer reiterates plaintiff's demands for injunctive relief and for compensatory and punitive damages; and further, that defendants be ordered to restore and correct the alleged deficiencies in the leased premises.
Viewing plaintiff's petition in the light most favorable to her, we find she is seeking the following general relief:
(1) A temporary restraining order and the right to be heard for the issuance of a preliminary and permanent injunction enjoining defendants from instituting eviction proceedings against her.
(2) A judgment directing defendants to make specified repairs to the property in order to restore it to a habitable dwelling.
(3) Compensatory and punitive damages for emotional discomfort, humiliation, etc., for leasing property to her which was unfit for the purpose for which it was let.
(4) A declaratory judgment decreeing the property was not in good repair and was unfit for the purpose for which it was leased; that she is also entitled to a declaratory judgment authorizing her to withhold rent pursuant to Civil Code Article 2694.
To dispose of plaintiff's numerous assignments of error in an orderly manner, we shall discuss the above general allegations in the sequence set forth so that we may determine whether the exception of no cause of action was properly sustained in its entirety.

NUMBER ONE
We know of no basis for restraining the landlord from instituting an eviction proceeding against this plaintiff. According to her allegations the lease is on a month to month basis; therefore under the *807 lease the owner is entitled to cancel the lease by giving proper notice at the expiration of any given month. If eviction proceedings are instituted on this ground, the present plaintiff may urge any defense she desires. If an eviction proceeding is instituted for nonpayment of rent and plaintiff desires to offer as a defense that she is withholding the rental payment in order to make needed repairs, this may be done as an affirmative defense in the summary eviction proceedings. Leggio v. Manion (La.App. 4th Cir. 1965), 172 So.2d 748.

NUMBER TWO
We know of no authority for the court to order defendants to restore this property in any manner. Plaintiff alleges defendants have "flagrantly and systematically refused to operate their rental property in accordance with minimal housing code standards and State law". The Housing Code of the City of Shreveport is not a part of the record in this case nor is it alleged that the housing code authorizes a court to grant the relief sought. Louisiana Civil Code Article 2694 referred to in plaintiff's petition does not empower the court to order substandard houses repaired to meet minimal housing codes.

NUMBER THREE
Plaintiff's demand for damages presents a perplexing legal problem. There is no law authorizing punitive damages under the allegations of plaintiff's petition and the exception was properly sustained as to this portion of the demand. However, we conclude plaintiff has stated a cause of action for damages for emotional discomfort, loss of convenience, humiliation, etc. To this extent we find the exception was improperly sustained. We do not minimize plaintiff's difficulty in recovering these damages but she is entitled to her day in court in an effort to prove them. In this connection we point out certain guidelines that will aid the lower court if further proceedings are had.
Louisiana Civil Code Articles 2693 and 2694 provide a lessee has a cause of action ex contractu for the lessor's failure to deliver property in good condition and free from needed repairs. The lessee may also assert a cause of action ex delicto under Article 2322, if the damages result from a vice or defect in the property occasioned by its ruin, or under Louisiana Civil Code Article 2695 which provides:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."
Most of the cases decided under these articles relate to the liability of the owner of a building either to the tenant or to a third person who receives accidental injuries on the premises. We know of no reason why the owner would not also be answerable for damages for humiliation, emotional disturbance, etc., if the tenant were able to prove the damage was caused by "ruin" under Article 2322, or a vice or defect under Article 2695. Tidwell v. Meyer Bros., 160 La. 778, 107 So. 571 (1926).
The question immediately arises whether plaintiff has admitted by the allegations of her own petition that she had assumed the risk of whatever damages she might have suffered by alleging the house was totally useless "at the inception of the tenancy, and is, at present, ..." Assumption of risk and contributory negligence are special defenses and must be specially and affirmatively pleaded. Louisiana Code of Civil Procedure Article 1005. Special defenses, which are required to be affirmatively set forth in the answer, may be raised by way of a peremptory exception *808 of no cause of action. Landrum v. United States Fidelity & Guaranty Co. (La.App. 3d Cir. 1963), 151 So.2d 701. However, under provisions of Louisiana Code of Civil Procedure Article 924, an exception of no cause of action based on contributory negligence or assumption of risk must state these grounds with particularity since the article has eliminated the "blanket" exception.

NUMBER FOUR
Louisiana Code of Civil Procedure Article 1871 provides:
"Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree."
Under the clear language of the above article we find plaintiff's petition has stated a limited cause of action for a declaratory judgment.
It is of no consequence that plaintiff can litigate the question of whether the premises were in need of repair and unsuited for occupancy if and when an eviction proceeding is instituted against her by defendants. Neither can plaintiff's right to be heard for a declaratory judgment be denied because the lease is on a month to month basis which only obligates the owner to allow plaintiff to remain on the premises for a period of one month. The same logic applies to the right to have the court decide if the property is in need of repair to such an extent that she may withhold rent. In other words, she can only withhold rent to pay for whatever repairs are needed on a month to month basis.
For the reasons assigned the judgment sustaining the exception in its entirety is set aside and it is now ordered that the exception of no cause of action is sustained as to all of plaintiff's demands except the following: (1) The allegations pertaining to plaintiff's claim for damages as set forth in this opinion; and (2) the right for declaratory judgment as limited in this opinion.
The case is remanded to the lower court for further proceedings in conformity with law and consistent with the views expressed herein.
Defendant Charles Doll is cast for the cost of this appeal, all other costs to await the final determination of the cause.