379 So.2d 763 (1979)
Mrs. Anna K. GELE et al.
v.
Earl MARKEY and Hanover Insurance Company.
No. 9786.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1979.
*764 O'Dowd & O'Dowd, New Orleans, George O'Dowd, for plaintiffs-appellees.
Bienvenu, Foster, Ryan & O'Bannon, New Orleans, John W. Waters, Jr. and Robert N. Ryan, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiffs filed this suit against Earl K. Markey and his liability insurer seeking damages resulting from the collapse of the ceiling of the premises rented to them by Markey at 2455 Aubrey Street in New Orleans. The premises were used as a grocery store, and the ceiling fell in the evening while the store was closed and unoccupied, damaging the store's contents. Plaintiffs sought an award for property damage, lost profit, incidental expenses, and mental anguish resulting from the ceiling's collapse. The defendants answered, denying liability.
After a trial on the merits, judgment was rendered in favor of plaintiffs in the total amount of $10,700.55.[1] Defendants have appealed.
Appellants first contend the trial court committed error by making any award to plaintiffs because the latter failed to prove by a preponderance of the evidence that the collapse of the ceiling was caused by a vice or defect or any fault on the part of the individual defendant.
Civil Code Article 2695 is one of the primary articles governing a lessor's liability to his tenant for damages caused by vices and defects of the thing leased. It reads as follows:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same." LSA-C.C. Art. 2695.
Appellants contend mere proof that the ceiling collapsed is not sufficient to establish the existence of a vice or defect therein. They argue plaintiffs did not furnish sufficient evidence to prove the existence of a vice in the premises. At the trial, plaintiffs introduced the testimony of witnesses describing the manner in which the ceiling fell, and also a portion of the ceiling and pictures of the scene showing the manner in which it collapsed. On the other hand, defendants introduced no evidence indicating the ceiling did not fall, that the pictures did not adequately describe the scene, or that no vice or defect existed in the premises.
The existence of a vice or defect within the meaning of Article 2695 is a question of fact for the trial court's consideration. The trial judge obviously concluded plaintiffs' evidence was sufficient to establish a defect or vice and that the same caused the damage in suit. We agree with that conclusion.
Appellants also contend the trial judge was incorrect in awarding damages for mental anguish. They argue that Article 2695, quoted above, establishes a contractual relation between landlord and tenant and that damages for mental anguish for breach of contract are not allowed in Louisiana unless the object of the contract *765 is intellectual enjoyment.[2] We agree with this argument.
In Meador v. Toyota of Jefferson, Inc.,[3] the Supreme Court concluded an automobile owner may not recover damages for aggravation, distress, and inconvenience from a repairman who has excessively and unnecessarily delayed completion of the repair of a vehicle because intellectual enjoyment was not a principal object of the contract and Article 1934(3) of the Louisiana Civil Code did not apply to such a situation.
Plaintiffs cite Nickens v. McGehee,[4] and Nacol v. Wail, Incorporated,[5] as authority for recovery of damages for mental anguish for damage to leased property. However, both of these cases are primarily based on McGee v. Yazoo & M. V. R. Co.,[6] which was not an action for damages in contract, but one for damages in connection with the abatement of a nuisance. Plaintiff is entitled to recovery in such a case, but the McGee case is not authority for the results reached in Nickens and Nacol. Meador, effectively has overruled the pertinent results in Nickens and Nacol and we are required to follow that Supreme Court case.
The contract, involving only rental of a grocery establishment, obviously did not have intellectual enjoyment as its principal object. This being so, plaintiffs are not entitled to recover for mental anguish as a result of the collapse of the ceiling of the leased premises.
For the reasons assigned, the judgment appealed from is amended by reducing the total award from $10,700.55 to $3,200.55. As thus amended, and in all other respects, the judgment is affirmed. All costs in this court are to be paid by plaintiffs-appellees.
AMENDED AND AFFIRMED.
LEMMON, J., concurs without written reasons.
NOTES
[1] The award represents $3,200.55 to Mr. Gele for actual damages and, in addition, $3,000 for mental anguish suffered by him, and $4,500 to Mrs. Gele for mental anguish suffered by her.
[2] See Civil Code Article 1934; Meador v. Toyota of Jefferson, Inc., La., 332 So.2d 433.
[3] Supra, note 2.
[4] La.App., 184 So.2d 271.
[5] La.App., 219 So.2d 333.
[6] 206 La. 121, 19 So.2d 21.