387 So.2d 1162 (1980)
Mrs. Anna K. GELE et al.
v.
Earl MARKEY and Hanover Insurance Company.
No. 65291.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
George O'Dowd, New Orleans, for plaintiffs-applicants.
John W. Waters, Jr., New Orleans, for defendants-respondents.
DENNIS, Justice.
Certiorari was granted to decide whether a tenant may recover damages for emotional distress resulting from the destruction of his property caused by a defect in the premises. The trial court awarded damages for property damage and emotional distress to the plaintiffs, who operated a grocery in building space leased from defendant, because a defective ceiling collapsed, destroying merchandise and resulting in termination of the business. The court of appeal, 379 So.2d 763, affirmed the award of property damages, but set aside the award for emotional distress because the lease did not have intellectual enjoyment as its principal purpose, citing Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). Although the court of appeal's reasoning may be questioned insofar as it would withhold emotional distress damages as a matter of law from a tenant whose property is damaged by a premises defect, we conclude that its result is correct because the plaintiffs *1163 failed to prove they actually suffered emotional distress.
The lessees, Mr. and Mrs. Gele, an elderly couple, owned and operated a grocery store in building space leased from Earl Markey. The business had been conducted by the Geles at the same location for nearly twenty years. On February 6, 1975, after the Geles had closed the store and gone home, the ceiling collapsed, damaging most of their merchandise and equipment. This calamity, the unstable financial condition of the business, and Mr. Gele's poor health caused the elderly couple not to reopen.
The trial judge found that, despite marginal profitability, the Geles maintained the grocery as their primary activity, purpose, and source of hope and fulfillment. In the judge's words, "Because of Mr. Gele's illness, the store, though a marginal operation, represented the couple's only hope, until the ceiling literally fell in on them. Their desperation was depicted by Mrs. Gele's appearance on the stand more graphically than mere words could ever describe." He awarded Mrs. Gele $4,500, and Mr. Gele $3,000 for mental anguish or distress in addition to $3,200.05 for property damage.
The court of appeal affirmed the award for property damage, but held that the Geles were not entitled to recover for mental anguish because "damages for mental anguish for breach of contract are not allowed in Louisiana unless the object of the contract is intellectual enjoyment." Gele v. Markey, 379 So.2d 763 (La.App. 4th Cir. 1979).
Several underlying concerns prompted us to review the court of appeal's decision. First, there appeared to be a good possibility that a principal object of the lease contract was the Geles' intellectual enjoyment of operating a monetarily unprofitable, but sentimentally rewarding, family business. Second, the application of the Meador interpretation of Article 1934(3) to this case seems to work injustice, if the Geles suffered real, substantial emotional distress or loss of intellectual enjoyment because of the violation of the lessor's obligation. Third, the court of appeal did not appear to have considered whether the record would support an award of emotional distress damages as the result of a delict or quasi-delict.
The availability of mental distress damages in actions for breach of contract was restricted substantially in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). In that case we held that under a proper interpretation of Civil Code article 1934(3), nonpecuniary damages could be awarded in an action for breach of contract only if the contract had as a principal object gratification of some intellectual enjoyment. We acknowledge that this rather inflexible rule has received judicial and scholarly criticism. See, e. g., Meador, supra, 332 So.2d at 438 (Dixon, J., dissenting); Johnson, The Work of the Louisiana Appellate Courts for the 1976-1977 Term-Obligations, 38 La. L. Rev. 345 (1978); Litvinoff, Moral Damages, 38 La. L. Rev. 1 (1977). We are also aware that courts both before and after Meador have awarded mental distress damages when adequately proved in cases similar to the instant one. E. g., Tidwell v. Meyer Bros., 160 La. 778, 107 So. 571 (1926); Elston v. Valley Electric Membership Corp., 381 So.2d 554 (La.App. 2d Cir. 1980); Nacol v. Wail, Inc., 219 So.2d 333 (La.App. 1st Cir. 1969); Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir. 1966). Certain other lower court opinions in redressing plaintiffs for lessor's breach of the obligations imposed on him in Civil Code article 2695 have included strict liability language, indicating perhaps that a delictual cause of action is available. See, e. g., Pollard v. Roberts, 306 So.2d 801 (La.App. 2d Cir. 1975); Evans v. Does, 283 So.2d 804 (La.App. 2d Cir. 1973); King v. Allstate Ins. Co., 224 So.2d 42 (La.App. 1st Cir. 1969); Anselm v. Travelers Ins. Co., 192 So.2d 599 (La.App. 3d Cir. 1966). Elements of contract and tort are sometimes so intertwined that cases cannot be easily labelled one or the other. E. g., Hoffman v. All Star Ins. Corp., 288 So.2d 388 (La.App. 4th Cir. 1974); Holland v. St. Paul Mercury Ins. Co., 135 So.2d 145 (La.App. 1st Cir. 1961). Under our system of fact pleading such labelling *1164 should be of little importance. Meador, supra, 332 So.2d at 439 (Dixon, J., dissenting). As stated in Meador, it is well established that damages for mental anguish are recoverable in tort actions. 332 So.2d at 438. See Cooks, Mental Anguish Arising From Property Damage, 3 So. Univ. L. Rev. 17 (1976).
Upon examination of the record, however, we conclude that the court of appeal reached the correct result because the plaintiffs failed to prove that they suffered real, substantial emotional distress or loss of intellectual enjoyment because of the ceiling's collapse. Because of her husband's illness, which was unrelated to the destruction of their store, Mrs. Gele was the only witness for the plaintiffs. During her testimony, Mrs. Gele stated that before the accident she and her husband had hope of making the store profitable; she testified that after the accident they were "distraught". Beyond this one word she did not attempt to explain their mental states. Moreover, her testimony was ambiguous as to whether they were distraught because of her husband's poor health, the destruction of their merchandise, or for other reasons. Nor is there any real evidence that the Geles derived substantial intellectual enjoyment from the operation of their store. Mrs. Gele testified that they would have considered selling it for a "nice amount" and indicated their main motive in staying in business had been to "feed five kids."
Even the doctrinal writers who advocate a more liberal, flexible approach to the award of moral damages in contract actions caution that, in a commercial or business context, such awards would be rare and appropriate only if the damages were clearly proven. Johnson, supra, 38 La. L. Rev. at 351; Litvinoff, supra, 38 La. L. Rev. 20, 27. The record in the present case does not support a finding that the Geles suffered this type of loss because of the collapse of the ceiling in their grocery store. Accordingly, the judgment of the court of appeal is affirmed.
AFFIRMED.
MARCUS and CALOGERO, JJ., concur and assign reasons.
SUMMERS, C. J., concurs in the decree only.
BLANCHE, J., dissents.
WATSON, J., dissents and assigns reasons.
MARCUS, Justice (concurring).
I concur, being of the opinion that the court of appeal correctly stated the law as set forth in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), that the plaintiffs were not entitled to recover for mental anguish because "damages for mental anguish for breach of contract are not allowed in Louisiana unless the object of the contract is intellectual enjoyment." In Meador, we held that under a proper interpretation of La.Civ. Code art 1934(3), pecuniary damages could be awarded in an action for breach of contract only if the contract had as its principal object gratification of some intellectual enjoyment. Such is not the case here.
CALOGERO, Justice, concurring.
I joined in the writ grant in this case, not because of any displeasure with Meador, nor because there was likely any serious contention that a principal object of the contract in this case was intellectual enjoyment, but rather to consider the possibility that La. Civ. Code art. 2695,[1] concerning this lessor-lessee relationship, might facilitate collection of damages without limit, including those for emotional distress.
Because we conclude that plaintiffs failed to prove that they suffered real, substantial emotional distress because of the ceiling's collapse, it becomes unnecessary to determine whether the present case is distinguishable from Meador.
*1165 WATSON, Justice, dissenting.
If the majority is correct that plaintiffs proved a cause of action for emotional distress, then the difficulty of assessing damage does not prevent an award. The judgment of the trial court is not clearly wrong and should be reinstated.
I respectfully dissent.
NOTES
[1] La. Civ. Code art. 2695 provides in pertinent part as follows:

". . . and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."