EDWIN R. HUGHES, Judge.
This is an appeal by defendant, One Hour Martinizing, A/K/A Supervisory Services, Inc., from a judgment condemning it to pay $650.00 plus $100.00 in attorney’s fees to plaintiff, Carol Schreck. Plaintiff instituted suit against defendant alleging that the One Hour Martinizing Company located at 6043 Magazine Street ruined a dress which she delivered to them for cleaning. Ms. Schreck claimed damages of $150.00 for the cost of the dress and $500.00 for inconvenience and requested attorney’s fees. After trial on the merits, the trial judge awarded plaintiff $650.00 plus $100.00 in attorney’s fees. Defendant appealed and we affirm in part and reverse in part.
The testimony established that Ms. Schreck was a regular customer of defendant and that she brought an aqua-blue silk dress in for cleaning on January 23, 1979. Sometime shortly thereafter complaining that the dress was out of shape and its color had been ruined. Defendant’s employee testified that the dress was cleaned by the normal process for a delicate fabric: “... we put it in a flight bag, cleaned it for a short period of time and threw it in the dryer for a short period of time ...
Responding to plaintiff’s complaints, the defendant sent the dress to the International Fabric Institute of Silver Springs, Maryland for analysis. The Institute sent its report back to One Hour Martinizing. Plaintiff refused to accept either the report or the dress and commenced the present action.
Defendant raises the following issues on appeal:
Whether the trial judge was manifestly erroneous in finding liability on the part of defendant when such liability is unsupported by law or fact.
Whether the inconvenience award of $500.00 is excessive and should be set aside.
Whether the award of $100.00 for attorney’s fees is contrary to the law and should be set aside.
Defendant’s initial assertion on appeal is that the trial court committed error in concluding that the dry cleaner was liable for the distortion and discoloration of the dress. It should be noted that the amount awarded for the cost of the dress is not at issue on appeal. Though no receipt was offered into evidence, defendant’s two experts testified that $150.00 was not an unreasonable sum for the dress.
Mr. Norman Oehlke of the International Fabric Institute of Silver Springs, Maryland testified that the dress simply could not withstand the regular dry cleaning process since the agitation of the machines necessary to get the garment cleaned pulled the dress out of shape due to the nature of the fabric itself. However, there is no evidence that the garment could not be cleaned satisfactorily if given special individual attention.
Plaintiff testified that she inquired whether defendant could safely clean the dress and that she was assured by defendant’s employees that they could. She stated that at other times when a questionable item was delivered for cleaning the establishment would have her sign a release saying that they would not be responsible for damage but they did not ask her to do this with the dress. Though defendant’s employees could not remember any specifics on the day the dress was brought in, there was no testimony to refute plaintiff’s recollections. Based on its’ own expert’s testimony, defendant either knew or should have *840 known of the risks involved in cleaning this 100% silk dress and having represented to plaintiff that there was no risk in cleaning the dress, the defendant is liable.
Turning to the issue of damages for inconvenience; awards of damages for non-pecuniary losses for breach of contract are viewed with skepticism in Louisiana. Meador v. Toyota of Jefferson, 332 So.2d 433 (La.1976). Inconvenience and mental anguish damages are more readily recoverable in tort. In many cases, elements of contract and tort are so intertwined that labeling the case one or the other is difficult. Defendant contends that both tort (C.C.Art. 2315) and contract (C.C.Art. 2937; contract of deposit) are involved here, however, where one has agreed to perform a service for another, this is generally viewed as a contract situation. Regardless of the category of the present action, the plaintiff is required to prove, with at least minimal certainty, each element of damage suffered. Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2nd Cir. 1976).
In Gele v. Markey & Hanover Ins. Co., 387 So.2d 1162 (La.1980) decided by the Louisiana Supreme Court in September of 1980, the plaintiffs, an elderly couple, sued the lessor of a building in which they operated a small grocery after the ceiling of the building collapsed resulting in the termination of their livelihood. The Supreme Court, in affirming the appellate court’s denial of damages for emotional distress held that although such damages should be compensable upon adequate proof, plaintiff’s testimony that they were “distraught” after the accident was not sufficient “to prove that they suffered any real, substantial emotional distress or loss of intellectual enjoyment because of the ceiling’s collapse”. In the instant matter, the record is void of any testimony or evidence whatsoever of Ms. Schreck’s emotional distress or inconvenience. She, in fact, testified that she lived across the street from the defendant’s establishment and “walked it (the dress) across the street” once she noticed the damage. Because plaintiff has failed to prove any legally compensable degree of inconvenience the award of $500.00 for the same should be reversed.
Finally, it is well settled that attorney’s fees are not allowed unless provided for by statute or contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970); Pelican Printing Co. v. Pecot, 216 So.2d 153 (La.App. 4th Cir. 1968). Therefore, the award of $100.00 for attorney’s fees unsupported by statute or contract should be reversed.
Accordingly, the award of $150.00 for the cost of the dress is affirmed. The award of $500.00 for inconvenience and the award of $100.00 for attorney’s fees are reversed. Each party shall bear their own costs for this appeal.
AFFIRMED IN PART;
REVERSED IN PART.