443 So.2d 660 (1983)
Brenda Hickman, wife of/and Miller SMITH
v.
CASTRO BROTHERS CORPORATION.
No. CA-0744.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1983.
Rehearing Denied January 25, 1984.
Writ Denied March 16, 1984.
*661 John B. Fox, New Orleans Legal Assistance Corp., New Orleans, for appellee.
Julio Romanach, Jr., Romanach & Lawrence, New Orleans, for appellant.
Before REDMANN, C.J., and KLEES and BYRNES, JJ.
REDMANN, Chief Judge.
A landlord appeals from a judgment in favor of residential tenants for $750 damages.
The landlord first complains that, having served an eviction notice on October 19, it should in no case be liable for any damage from alleged defectiveness of the premises from that time until plaintiffs finally moved out on December 23. The trial judge did not itemize dollar amounts for the elements of the $750 awarded, but we agree that a tenant cannot recover for damages from uninhabitability of leased premises after being properly ordered to leave by the landlord, notwithstanding that the tenant argues he had no money to move. The trial judge's reasons show that he expressly included in his award the tenant's suffering from cold when utilities were cut off for unsafe conditions, and that occurred after notice of eviction. We believe the landlord is entitled to some reduction on that account, notwithstanding that the total amount awarded would certainly not have been excessive if awarded only for the period the tenants were properly on the premises. We therefore reduce the award by $150.
The landlord also argues that a tenant cannot recover mental anguish damages, citing Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), a redhibition case. But damages "for anxiety, worry and loss of time" were held recoverable in Tidwell v. Meyer Bros., 160 La. 778, 107 So. 571, 576 (1926), a lease case, as in Evans v. Does, 283 So.2d 804 (La.App. 2 Cir.1973). See also Gele v. Markey, 387 So.2d 1162 (La.1980).
The landlord also argues the basic credibility of the tenant, but that is the province of the trial judge; Carter v. Koehring Co., 283 So.2d 716 (La.1973).
Finally, the landlord argues assumption of risk by the tenants. No doubt these tenants had to know that they were not renting fancy quarters, but they cannot be charged with knowledge of such matters as large rats' freely roaming the premises and plumbing's unusability. Furthermore, breach of the obligation of a landlord to provide habitable quarters cannot be excused on the ground that the tenant should have known the uninhabitability. To hold the contrary would to a large extent make the landlord's obligation unenforceable.
Amended in principal amount to $600.