Judge Dale N. Atkins
This is an appeal from a judgment of eviction entered against Mr. Myron Simms in the First City Court of New Orleans.[1] Mr. Simms signed a Lease to live in Magnolia Gardens Apartment # 13 beginning December 26, 2017. He was evicted by a Warrant for Possession of Premises in favor of NOLA East, LLC, the landlord, on June 15, 2018. For the reasons that follow, we reverse and remand for a new trial at which Mr. Simms shall be entitled to offer his defense(s) and supporting evidence.[2]
*1149 FACTS AND PROCEDURAL HISTORY
Plaintiff NOLA East, LLC, the landlord/property owner who is operating and doing business as Magnolia Gardens Apartments, filed a Rule for Possession of Premises on May 24, 2018, against Myron Simms due to his failure to pay rent for the month of May 2018.
Mr. Simms asserts on appeal that he did not pay his May rent because the landlord failed to make necessary repairs to his apartment. Mr. Simms states that he informed the landlord of the need for urgent repairs at the end of February 2018, and the landlord conducted an inspection on March 16, 2018, after which the landlord indicated that repairs would be made. Mr. Simms contends that the property manager drafted work-orders to request repairs three times, but the appropriate repairs were never made, and Mr. Simms was not able to live in the unit for approximately a month and a half. Mr. Simms told the property manager at the end of April that he could not live in the unit and he would not be able to continue paying rent if repairs were not made.
Mr. Simms further claims that at the eviction hearing on June 4, 2018, he was not permitted to present any evidence or an affirmative defense regarding the conditions of the apartment.[3] The court evicted Mr. Simms from the premises through a Judgment of Possession in favor of NOLA East signed the same day.
On June 7, 2018, Mr. Simms obtained legal aid counsel who drafted a motion for new trial, arguing that his rent should have abated due to the lack of habitability of his apartment pursuant to La. Civ. Code art. 2693.[4] According to Mr. Simms, the apartment had been uninhabitable since the end of February 2018 because "raw sewage leaks from the ceiling" of the bathroom when his upstairs or next-door neighbor flushed the toilet or took a shower; there was visible mold growing on the ceiling of the bathroom; there was a hole in the bathroom floor; and the unit had a rodent infestation. On June 12, 2018, a couple of days before the new-trial hearing, counsel for Mr. Simms withdrew from representation.
Appearing at the June 14 hearing pro se , Mr. Simms stated that he "was not allowed to speak and defend [him]self" at the June 4 eviction proceeding. He also stated that a number of other residents of Magnolia Gardens had requested a full investigation of the "slum-lord" property and had filed complaints with several governmental agencies and consumer-protection entities. The NOLA East representative stated at the June 14 hearing that she had tried to work out a deal with Mr. Simms' (former) counsel, such that he could pay half the rent at that time and pay the other half the following week, because Mr. Simms *1150 historically had been good about paying his rent.
The court denied the motion for new trial from the bench and determined that unsuitable living conditions did not excuse Mr. Simms from paying rent. The next day, June 15, 2018, the court entered a Warrant for Possession of Premises in favor of NOLA East, ordering the eviction of Mr. Simms. Mr. Simms filed a Motion for Appeal on June 15, 2018.
DISCUSSION
Pursuant to La. C.C.P. art. 4907 (B), Mr. Simms timely filed a motion for new trial from the June 4, 2018 judgment of possession and, when his request for a new trial was denied, timely moved for an appeal under La. C.C.P. art. 5002 (B).[5] Mr. Simms, appearing pro se , appeals the judgment "granting rule for possession absolute as entered in the above case on the 4th day of June, 2018." In addressing Mr. Simms' appeal of the June 4, 2018 judgment, we also review the lower court's denial of his motion for new trial and the corresponding entry of a Warrant for Possession of Premises on June 15, 2018. See New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans , 2017-0320, p. 5 n.12 (La. App. 4 Cir. 3/21/18), 242 So.3d 682, 688 n.12 ("an appellate court may consider interlocutory judgments, such as the denial of a motion for new trial, as part of an unrestricted appeal from a final judgment.").
The standard of review for a judgment of eviction is clearly wrong/manifestly erroneous. Housing Authority of New Orleans v. Haynes , 2014-1349, p. 15 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 99. "However, if the trial court makes one or more prejudicial legal errors that poisoned the fact-finding process which produced an erroneous result, then, a manifestly erroneous judgment must be reviewed under the de novo standard." 200 Carondelet v. Bickham , 2017-0328, p. 4 (La. App. 4 Cir. 10/25/17), --- So.3d ----, ----, 2017 WL 4803954, p. 2 (unpublished). The applicable standard of review regarding a motion for new trial is whether the trial court abused its discretion. Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C. , 09-1528, p. 6 (La. App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152.
Eviction proceedings are governed by La. C.C.P. arts. 4701 et seq. Under La. C.C.P. art. 4732, a "court shall try the rule and hear any defense which is made ." (Emphasis added). In addition, a new trial may be granted in any case if there are good grounds for doing so, and a new trial "shall be granted when a party has discovered, since the trial, evidence important to the cause which he could not, with due diligence, have obtained before or during the trial." La. C.C.P. arts. 1971 - 1973.
Mr. Simms argues on appeal, and argued at the new-trial hearing, that he did not get his day in court because he was not permitted to present his defenses-that he notified his landlord of the defective conditions several times; that his landlord never made the necessary repairs; and thus his rent should have abated under La. C.C. art. 2693 because the apartment he occupied was uninhabitable.
Indeed, attached to the motion for new trial are photographs of what appear to be *1151 moldy ceiling tiles and a hole in the floor in the bathroom, plus an inspection report prepared after the initial hearing on Mr. Simms' eviction on June 4. The inspection report suggests that Mr. Simms' apartment, # 13, had many irregularities, including faulty plumbing in the bathroom and decayed or defective interior surfaces. Although Mr. Simms complained of these conditions at the eviction hearing, there is no indication that he was given an opportunity to present this defense to non-payment of rent, as required by La. C.C.P. art. 4732.
The motion for new trial also reflects that Mr. Simms notified the landlord as early as February 2018 of the substandard conditions of the apartment, including problems in the bathroom related to raw sewerage leaking from the ceiling, mold, and rodents. The pertinent provision of the Lease between Magnolia Gardens and Mr. Simms provides:
16. MAINTENANCE AND REPAIR
C. Tenant agrees to promptly notify Landlord in the event of damage, defect or destruction of the Unit, or the failure of any of Landlord's appliances or mechanical systems, and except for repairs or replacements that are the obligation of Tenant pursuant to Subsection A above, Landlord shall use its best efforts to repair or replace such damaged or defective area, appliance or mechanical system.
Notwithstanding his complaints to the landlord in February, Mr. Simms asserted that he paid rent for the months of March and April 2018, but he vacated the apartment in May after receiving a notice of eviction. In early June, at the time of the City of New Orleans property inspection, the landlord still had not made the necessary repairs.
While Mr. Simms adhered to his obligation to notify the landlord of the defects under the terms of the lease, he asserts that the landlord did not abide by its own obligations or "use its best efforts to replace such damaged or defective area" in accordance with the Lease provisions. La. C.C. art. 2682 describes a lessor's principal obligations as follows:
The lessor is bound:
(1) To deliver the thing to the lessee;
(2) To maintain the thing in a condition suitable for the purpose of which it is leased; and
(3) To protect the lessee's peaceful possession for the duration of the lease.
The lessor has the obligation to maintain the leased premises in a condition fit for its intended use, and to make necessary repairs. La. C.C. art. 2691. "A landlord cannot escape its responsibility to repair defects where it had actual notice of those defects[.]" Ganheart v. Exec. House Apartments , 95-1278, p. 8 (La. App. 4 Cir. 2/15/96), 671 So.2d 525, 530.[6]
The record on appeal also includes the June 6, 2018, City of New Orleans property inspection report, dated after the original eviction proceedings on June 4, 2018. The report lists several violations *1152 in Mr. Simms' apartment, such as deteriorated doors and inadequate locking; paint needed in the bathroom; leaking plumbing fixtures in the bathtub; holes at the bath fixtures; and deteriorated or loose plumbing fixtures. The inspection report notes defective conditions in neighboring apartments as well.
La. C.C.P. art. 2164 provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." See also Byrd v. Pulmonary Care Specialists, Inc. , 2016-0485, p. 5 (La. App. 1 Cir. 12/22/16), 209 So.3d 192, 195. This Court is therefore authorized "to remand a case to the trial court for proper consideration, where it is necessary to reach a just decision and to prevent a miscarriage of justice." Wegener v. Lafayette Ins. Co. , 2010-0810, p. 19 (La. 3/15/11), 60 So.3d 1220, 1233-34. "Whether a particular case should be remanded is a matter ... vested largely within the court's discretion and depends upon the circumstances of the case." Id. , 60 So.3d at 1234 (citing Alex v. Rayne Concrete Serv. , 2005-1457, p. 20 (La. 1/26/07), 951 So.2d 138, 155 ).
As evidenced by the trial court's comments in the transcript from the hearing on the motion for new trial, Mr. Simms was not given an opportunity at the eviction proceedings to present his defenses and was denied a new trial, despite new evidence in the form of the City of New Orleans inspection report. Given the circumstances of this case, we reverse the trial court's denial of Mr. Simms' motion for new trial, vacate the June 4, 2018 Rule for Possession and the June 15, 2018 Warrant for Possession of Premises, and remand the matter to First City Court for a new trial.
REVERSED AND REMANDED
LOBRANO, J., DISSENTS AND ASSIGNS REASONS.
LOBRANO, J., DISSENTS AND ASSIGNS REASONS.
I respectfully dissent. I would affirm the judgment of the lower court. I find that the lower court properly held the hearing on the eviction proceedings, and a new trial is not warranted. The lessee, Mr. Simms, failed to proffer the evidence he is now claiming he was not allowed to introduce. Regardless of whether Mr. Simms was allowed to address the habitability of the apartment, those defenses regarding habitability did not relieve him of his obligation to pay rent to the lessor, NOLA East.
"In Louisiana, the lessor has the obligation to maintain the leased premises in a condition fit for its intended use, and to make necessary repairs." KM, Inc. v. Weil Cleaners, Inc. , 50,209, p. 6 (La. App. 2 Cir. 1/13/16), 185 So.3d 112, 117 (citing La. C.C. art. 2691). "If the lessor fails to fulfill this obligation, the law provides the lessee with two options. He can sue for dissolution of the lease agreement and resulting damages, or he can make indispensable repairs himself and deduct a reasonable cost thereof from the rent due." Id. (citing La. C.C. arts. 2693, 2694 ; New Hope Gardens, Ltd. v. Lattin , 530 So.2d 1207, 1210 (La. App. 2d Cir. 1988) ). "A lessee is not justified in retaining possession of the leased premises rent-free without pursuing either of these codal remedies." Id. (citing New Hope Gardens, Ltd. , 530 So.2d at 1210 ). The Louisiana Supreme Court has explicitly held that a "lessee may not anticipate refusal or neglect to make the repairs or withhold rent to apply economic pressure on a lessor." Davilla v. Jones , 436 So.2d 507, 510 (La. 1983).
It is evident from the record that Mr. Simms failed to pursue either of the two codal remedies provided in articles 2693 *1153 and 2694. Louisiana law does not permit him to retain possession of the apartment rent-free without availing himself of these codal remedies.
The majority seems to apply the equitable doctrine of judicial control to deny dissolution of the lease for nonpayment of rent. I do not find any case that extends judicial control to the facts before this Court, and I refuse to extend judicial control in the manner put forth by the majority.
"The doctrine of judicial control is an equitable doctrine by which the courts will deny cancellation of the lease when the lessee's breach is of minor importance, is caused by no fault of his own, or is based on a good faith mistake of fact. 429 Bourbon St., LLC v. RMDR Investments, Inc. , 2016-0800, p. 17 (La. App. 4 Cir. 11/15/17), 230 So.3d 256, 267, reh'g denied (11/17/17), writ denied , 2017-02054 (La. 2/2/18), 235 So.3d 1106 (citing Carriere v. Bank of La. , 95-3058 (La. 12/13/96), 702 So.2d 648 ). "Cases which have applied judicial control of leases generally involve circumstances where a lessee had made a good faith error and acted reasonably to correct it." Id. , (quoting KM, Inc. , 50,209 (La. App. 2 Cir. 1/13/16), 185 So.3d 112, 118 ). See also Good v. Saia , 2007-0145, pp. 26-27 (La. App. 4 Cir. 9/12/07), 967 So.2d 1161, 1175-76 (collecting cases applying judicial control in circumstances including postal service delay, relying on incorrect receipt by lessor, and inadvertently tendering third party check for insufficient funds).
The record lacks any evidence of a good faith mistake of fact or that nonpayment of rent was due to circumstances beyond Mr. Simms' control. Withholding rent to put economic pressure on a lessor to make repairs is not a permissible ground for judicial control.
For these reasons, I would affirm the judgment of the district court.

Mr. Simms was incorrectly identified as "Myron Sims" in the initial filing by NOLA East, LLC.

Mr. Simms' additional request on appeal for damages related to his alleged personal injuries is not properly before this Court, as that claim was not asserted as a reconventional demand in the lower court, nor did the lower court issue any judgment in conjunction with such allegations. We note, however, that any claims for Mr. Simms' alleged personal injuries, should he choose to assert them, must be brought in a court of proper jurisdiction. "In ... a city court in New Orleans, ... the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty-five thousand dollars." La. C.C.P. art. 4843 (E).

Although the appellate record includes the transcript from the June 14, 2018 motion for new trial, the record does not include a transcript of the June 4, 2018 eviction proceedings. The plaintiff, NOLA East, LLC, did not file a brief or otherwise appear in this Court to dispute Mr. Simms' representations.

La. Civil Code Article 2693 provides: "If during the lease the thing requires a repair that cannot be postponed until the end of the lease, the lessor has the right to make that repair even if this causes the lessee to suffer inconvenience or loss of use of the thing. In such a case, the lessee may obtain a reduction or abatement of the rent, or a dissolution of the lease, depending on all of the circumstances, including each party's fault or responsibility for the repair, the length of the repair period, and the extent of the loss of use."

La. C.C.P. art. 4907 (B) provides: "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment." La. C.C.P. art. 5002 (B) provides: "When an application for a new trial is timely filed, ... the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary."

In Ganheart , 95-1278, p. 8, 671 So.2d at 530, a residential tenant complained of numerous problems, including leaks in the ceiling caused by an upstairs neighbor's dishwasher, which led to extensive water damage and mold. This Court determined that the evidence of "deplorable conditions created by the various plumbing problems ... conclusively shows that defendant was well aware of the problems in plaintiff's apartment and failed to correct them" and that the conditions made the premises "uninhabitable," entitling plaintiff to $ 1500 in damages for mental anguish and inconvenience. See also Smith v. Castro Bros. Corp. , 443 So.2d 660, 661 (La. App. 4th Cir. 1983) (awarding tenants $ 600 in mental anguish damages for the uninhabitability of the leased premises).